IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**BRIAN J. WEBB**                                                                                      **PLAINTIFF**

v.                                        Cause  No. 6:14-cv-6037-RTD-BAB

**SERGEANT MORELAND,** *et al*                                                       **DEFENDANTS**

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction and Declaratory Judgment.  ECF No. 18.  Defendants have responded to this Motion.  ECF No. 24.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this motion to the undersigned for decision.  After careful consideration, the undersigned makes the following Report and Recommendation.

**1. Background:**

Plaintiff is incarcerated in the Arkansas Department of Corrections (ADC), Ouachita River Correctional Unit (ORCU), in Malvern Arkansas.  Plaintiff alleges in his Complaint the Defendants engaged in a conspiracy to deny him his constitutional rights.  ECF No. 1.  Specifically, Plaintiff asserts he was subject to excessive force on January 22, 2014. ECF No. 1, Pg. 6.  Plaintiff also claims he has been unconstitutionally restrained by the Defendants, in a "restraint chair" after the use of force.  *Id.*  Plaintiff  further asserts, the Defendants refused to allow him to file a grievance to contest the foregoing actions.  *Id.*  On March 27, 2015, Plaintiff gave notice of his change of address to East Arkansas Regional Unit (EARU) of the ADC in Marianna, Arkansas.  ECF No. 17.  He is no longer incarcerated at the ORCU.

Defendants answered and filed a Motion for Summary Judgement asserting Plaintiff had not

exhausted available state remedies prior to filing this lawsuit. ECF Nos. 11, 12.

On March 27, 2015, Plaintiff filed the instant Motion for Temporary Restraining Order, Preliminary Injunction and Declaratory Judgment. ECF No. 18. In this Motion Plaintiff seeks an a temporary restraining order, preliminary injunction, declaratory judgment, and a preliminary evidentiary hearing, prior to the Court considering the pending Motion for Summary Judgment. *Id.* He claims ADC employees at the EARU are denying him access to his personal property including legal documents associated with this case, and preventing him from prosecuting his claims here. *Id.* In essence, Plaintiff seeks an order directing employees at the EARU to provide him with his personal property and legal materials.

Defendants have responded. ECF No. 24. Defendants assert Plaintiff seeks relief in the instant Motion against non-parties. *Id.* Further, Defendants state, Plaintiff has been in the medical ward or the hospital for much of the time period he complains of in the Motion. They claim Plaintiff was denied pens and paper for short periods of time because he was on "mental health treatment precaution" following his attempt to injure himself on February 25, 2015. *Id.* All of his personal materials were returned to him by March 21, 2015, as evidenced by his filing the instant Motion on March 27, 2015.

**2. Discussion**:

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors. These factors are: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in

the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc); *see also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987). Further, in the context of prisoner litigation, the Court must use "great caution."

> Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. . . . for an injunction to issue 'a right must be violated" and that "the court must determine' whether 'a cognizable danger of future violation exists and that danger must be more than a mere possibility.'

*Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (citations omitted).

Here, Plaintiff alleges he was denied access to pen and paper and legal materials for some period of time at the EARU. ECF No. 1. Defendant shows during this time Plaintiff had attempted to injure himself and was therefore placed in a protective status until it was determined he was no longer a danger to himself. Plaintiff's allegations in the instant Motion are that because of Defendant's actions he is unable to litigate his claims in this case. Plaintiff's own filings demonstrate this is not the case.

Plaintiff has been actively involved in the litigation of this matter. On March 27, 2015, Plaintiff filed the instant Motion, which consists of some thirteen (13) pages of argument regarding his inability to litigate this case. Plaintiff offers no proof of a continuing nature of the alleged deprivation, nor does Plaintiff deny the fact he was placed in protective status for attempting to injure himself.

Plaintiff's claims fall far short of the level of proof to allow the issuance of a preliminary injunction. This is especially so in the prison context, and in this case where Plaintiff has demonstrated a past intent to injure himself. There is no probability of success on the merits. The Court should decline to issue a preliminary injunction in this situation on the merits.

Additionally, Plaintiff asks the Court to enjoin a non-party. The ADC officers at the EARU are not parties to this litigation. If, in the future, Plaintiff believes he is being denied access to the Courts by officers at the EARU, he must make a separate claim for that deprivation.

**3. Conclusion**:

For the foregoing reasons, I recommend Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction and Declaratory Judgment (ECF No. 18) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **22nd day of April 2015.**

    /s/ Barry A. Bryant
BARRY A. BRYANT
U.S. MAGISTRATE JUDGE